ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :
                                    :    INFORMATION
          -v-                       :
                                    :    06 Cr. 1138
JAMES G. MARQUEZ,                   :
                                    :
               Defendant.           :
                                    :
- - - - - - - - - - - - - - - - - - x

COUNT ONE

(Conspiracy To Commit Investment Adviser Fraud and Mail Fraud)

          The United States Attorney charges:

                    **Relevant Persons And Entities**

          1.   At all times relevant to this information, Bayou Fund LLC, was a hedge fund that had its principal office in Westchester County, New York and, thereafter, Stamford, Connecticut.  Bayou Fund Ltd. was a hedge fund organized under the laws of the Cayman Islands.  Bayou Management, LLC served as the investment adviser to Bayou Fund LLC and Bayou Fund Ltd. (hereafter, collectively referred to as the "Bayou Hedge Funds"), from its office in Stamford, Connecticut.  Bayou Securities, LLC, a broker-dealer registered with the United States Securities and Exchange Commission and a member of the National Association of Securities Dealers, acted primarily as a broker for the Bayou Hedge Funds.  The Bayou entities will hereafter be referred to collectively as "Bayou."

          2.   Bayou Fund LLC was formed in or about early 1996

by the defendant, JAMES G. MARQUEZ, and Samuel Israel III. Bayou Fund Ltd. was formed thereafter. The Bayou Hedge Funds were formed for the purpose of obtaining contributions from sophisticated investors and earning profits by following an investment strategy of conducting short-term trading of various securities.

3. At all times relevant to this information, JAMES G. MARQUEZ, the defendant, and Samuel Israel III, were responsible for the investment management and operations of Bayou. At all times relevant to this information, Daniel E. Marino was a certified public accountant responsible for the financial operations of Bayou.

**The Scheme To Defraud**

4. During the relevant time period, Bayou sustained trading losses. In order to induce investors to invest in Bayou and to lull existing investors into retaining their investments in Bayou, JAMES G. MARQUEZ, the defendant, Samuel Israel III and Daniel E. Marino perpetrated a scheme to defraud investors by disseminating reports and financial statements, among other things, that contained materially false statements.

**Means and Methods of the Conspiracy**

5. Among the means and methods by which MARQUEZ, Israel and Marino would and did carry out the conspiracy were the following:

2

## THE CONSPIRACY

6. From in or about July 1996 to on or about October

a. MARQUEZ, Israel and Marino reported fictitious rates of return of the Bayou Hedge Funds in quarterly reports and had those reports mailed to investors.

b. MARQUEZ, Israel and Marino reported individual investors' inflated accumulated profits in monthly reports and had those reports mailed to investors.

c. MARQUEZ, Israel and Marino had annual financial statements mailed to investors that contained, among other misrepresentations: (i) inflated rates of return on trading; (ii) inflated net asset values, and (iii) certifications that Bayou had been audited by a certified public accounting firm known as Richmond-Fairfield Associates.

d. In or about early 1999, MARQUEZ, Israel and Marino devised a plan, pursuant to which Marino created a phony accounting firm known as Richmond-Fairfield Associates. Also pursuant to the plan, MARQUEZ, Israel and Marino caused annual financial statements to be mailed to investors which falsely represented that Richmond Fairfield Associates audited Bayou.

e. From in or about July 1996 through on or about October 10, 2001, MARQUEZ, Israel and Marino induced investors to contribute in excess of $10,000,000 to the Bayou Hedge Funds.

3

10, 2001, in the Southern District of New York and elsewhere, JAMES G. MARQUEZ, the defendant, Samuel Israel III and Daniel E. Marino, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit: (a) investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17; and (b) mail fraud, in violation of Title 18, United States Code, Section 1341.

## OBJECTS OF THE CONSPIRACY

### Investment Adviser Fraud

7.   It was a part and object of the conspiracy that JAMES G. MARQUEZ, the defendant, along with Samuel Israel III and Daniel E. Marino, acting as investment advisers with respect to one and more clients and prospective clients in the Bayou Hedge Funds, unlawfully, willfully, and knowingly, by the use of the mails and means and instrumentalities of interstate commerce, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud clients and prospective clients; (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17.

4

**Mail Fraud**

8.  It was further a part and object of the conspiracy that JAMES G. MARQUEZ, the defendant, along with Samuel Israel III and Daniel E. Marino, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and private and commercial interstate carriers, and did take and receive therefrom such matters and things, in violation of Title 18, United States Code, Section 1341.

OVERT ACTS

9.  In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  At various times from in or about July 1996 through on or about October 10, 2001, MARQUEZ and Israel traded securities on behalf of Bayou through computers located in Westchester County, New York and at Bayou's offices in Stamford, Connecticut.

b.  At various times between July 1996 and

5

9

October 10, 2001, MARQUEZ, Israel and Marino had quarterly and/or monthly reports and annual financial statements mailed to investors located in the Southern District of New York and elsewhere.

c.   In or about 1999, MARQUEZ, Israel and Marino devised a plan in which Marino formed a sham certified public accounting firm named Richmond-Fairfield Associates and maintained an office for Richmond-Fairfield Associates in Manhattan.

d.   During the relevant time period, in annual financial statements, MARQUEZ, Israel and Marino had Bayou falsely assert that Richmond-Fairfield Associates was an independent auditor that had audited Bayou and certified its financial statements.

(Title 18, United States Code, Section 371).

**FORFEITURE ALLEGATION**

10.   As the result of committing the conspiracy offense in violation of Title 18, United States Code, Section 371, alleged in Count One of this information, JAMES G. MARQUEZ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

(i)     20,000 shares of common stock in KFx Inc., stock certificate No. 7476;

(ii)    20,000 shares of common stock in KFx Inc., stock certificate No. 7477;

(iii)   20,000 shares of common stock in KFx Inc., stock certificate No. 7478;

(iv)    20,000 shares of common stock in KFx Inc., stock certificate No. 7479;

(v)     20,000 shares of common stock in KFx Inc., stock certificate No. 7480;

(vi)    106,454 shares of common stock in Hydrogen, stock certificate No. 640;

(vii)   70,026 shares of common stock in Hydrogen, stock certificate No. 554;

(viii)  550,000 warrants to purchase common stock of ThermoEnergy Corp, identification no. W05-CW02, expiring on 07/15/08;

(ix)    341,211 warrants to purchase common stock of ThermoEnergy Corp, identification no. W05-PA3, expiring on 07/15/08;

(x)     2004.3743 shares of series B-2 convertible participating preferred stock of Integrated Fuel Cell Technology; and,

(xi)    all proceeds of the sale of the property at

7

1621 Gaspar Drive South, Boca Grande Isles, PB 29, PG6, Lot #4, Boca Grande, Florida 33921.

Substitute Asset Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 371, and 1341, and Title 28, United States Code, Section 2461(c)).

_____
MICHAEL J. GARCIA
United States Attorney