BUSEY          Fax:2397908010          Jun 7 2005  7:40          P.02

PROMISSORY NOTE

$1,150,000.00                                                May 27, 2005

 For value received, the undersigned (whether one or more, hereinafter called the "Obligors") promise(s) to pay to the order of **BUSEY BANK FLORIDA** (hereinafter called the "Bank" or, together with any other holder of this note, the "Holder"), at any office of the Bank in Lee County, Florida, or at such other place as the Holder may designate, the principal sum of **ONE MILLION ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($1,150,000.00)**, together with interest thereon at the rate and on the date(s) provided below from the date of this note (or other interest accrual date shown below) until maturity, and with interest on the unpaid principal balance after maturity at the rate of 18 percent per annum or the maximum rate allowed by law, whichever is less, from maturity until said indebtedness is paid in full. Interest will accrue beginning on the date of this note.

[X] Fixed Rate

Interest will accrue on the above-stated principal sum at the rate of **six and one-half (6.5%)** percent per annum.

Interest on the principal sum will be calculated at the rate set forth above on the basis of a 360 day year and the actual number of days elapsed by multiplying the principal sum by the per annum rate set forth above, multiplying the product thereof by the actual number of days elapsed, and dividing the product obtained by 360.

PAYMENT SCHEDULE
The above-stated principal sum and interest thereon shall be paid as follows:

[X] Installments, Principal and Interest

The Obligors promise to pay the above-stated sum and interest thereon in 35 consecutive monthly installments in the amount of $7,764.88 each, beginning June **27**, 2005 and continuing on the same day of each month thereafter until May **27**, 2008 at which time the unpaid balance of the principal sum and all accrued but unpaid interest thereon shall be due and payable. Monthly payments are based upon a 25 **year amortization** with an estimated final payment of $1,090,992.45 plus accrued interest due at maturity.

LOAN FEE

 A loan fee in the amount of $5,750.00 has been paid to the Bank. The loan fee is earned by the Bank when paid and is not subject to refund except to the extent required by law.

LATE CHARGE

 If any scheduled payment is in default 10 days or more, Obligors agree to pay a late charge equal to 5% of the amount of the payment which is in default, but not less than $.50 or more than the maximum amount allowed by applicable law.

PREPAYMENT

 If Obligor pays this Note prior to maturity in whole or in part (herein referred to as prepayment) the following prepayment penalty shall apply:
 a. Prepayment in year one (1) of this Note  3% of the principal amount of the prepayment;



1

   b. Prepayment in year two (2) of this Note -  2% of the principal amount of the prepayment;
   c. Prepayment in year three (3) of this Note - 1% of the principal amount of the prepayment;

The prepayment penalty described above is in addition to any interest, late charge, or other sum due Holder pursuant to any other provision of this Note.  Unless otherwise agreed to in writing by Holder, prepayment will not relieve Obligor of the obligation to make regular payments on this Note as setforth in the payment schedule of this Note.  Rather, prepayment will reduce the principal balance due and may result in Obligor making fewer payments.  No prepayment penalty will be due if the funds for the prepayment come from the sale of the subject property, or a refinance with Busey Bank Florida.

COLLATERAL

   This note is secured by every security agreement, pledge, assignment, mortgage and/or other instrument covering personal or real property (all of which are hereinafter included in the term "Separate Agreements") which secures an obligation so defined as to include this note, including without limitation all such Separate Agreements which are of even date herewith and/or described in the space below.  In addition, as security for the payment of any and all liabilities and obligations of the Obligors to the Holder (including this note and the indebtedness evidenced by this note and all extensions, renewals and modifications thereof, and all writings delivered in substitution therefor) and all claims of every nature of the Holder against the Obligors, whether present or future, and whether joint, several, absolute, contingent, matured, liquidated, unliquidated, and direct or indirect (all of the foregoing are hereinafter included in the term "Obligations") the Obligors hereby assign to the Holder and grant to the Holder a security interest in the property (the "Collateral") described below:

   A first lien on the real property described in the Mortgage of even date herewith.

   An assignment of rents from the real property described in the Assignment of Rents, Leases, Profits and Contracts of even date herewith.

   The Obligors are jointly and severally liable for the payment of this note and have subscribed their names hereto without condition that anyone else should sign or become bound hereon and without any other condition whatever being made.  The provisions of this note are binding on the heirs, executors, administrators, successors and assigns of each and every Obligor and shall inure to the behalf of the Holder, its successors and assigns.  This note is executed under the seal of each of the Obligors and of the Indorsers, if any.

   If the Obligors fail to pay any installment of principal or interest or any other sum under this note or any other note(s) held by Bank or the Holder of this note exactly when it is due or fail to perform any other covenant under this note when due (time being of the essence of every term of this note), or if any of the Obligors or any guarantor or indorser of this note shall die (if an individual) or dissolve or cease to do business (if a business entity), or if any of the Obligors or any guarantor or indorser of this note becomes insolvent, or makes a general assignment for the benefit of creditors or files or has filed against him or it a petition under any chapter of the Federal Bankruptcy Code, or files or has filed against him or it an application in any court for the appointment of a receiver or trustee of any substantial part of his or its property or assets, or if a judgment is entered against any of the Obligors or any such guarantor or indorser or a levy, writ of execution, attachment or garnishment is issued against any of the Obligors or any such guarantor or indorser or any of his or its property or assets; or if any Obligor, indorser or guarantor of this note transfers all or any valuable part of his, her or its assets outside the ordinary course of business, or wastes, loses, or dissipates or permits waste, loss or dissipation of any valuable part of such person's assets; or if any Obligors, indorsers or guarantor of this note is a partnership, and any general partner of such partnership withdraws or is removed; or if any Obligor, Indorser or guarantor of this note is a corporation and ownership or power to vote more than 50 percent of the voting stock of such corporation is transferred, directly or indirectly (including through any voting trust, irrevocable proxy, or the like), during any 12 month period; or if any



default or breach occurs under any of the Separate Agreements, or if at any time in the opinion of the Holder the financial responsibility of any Obligor or any guarantor or Indorser of this note becomes impaired, then, if any of the foregoing shall occur, the entire unpaid principal sum of this note and all accrued but unpaid interest thereon shall, at the option of the Holder and without requirement of notice or demand, become due and payable immediately, notwithstanding any time or credit allowed under this note or under any other agreement made by the Holder with the Obligors.

Upon default, the Obligors agree to assemble the collateral and make it available to Holder at such place or places as the Holder shall designate. The Holder shall be deemed to have exercised reasonable care in the custody and preservation of any of the collateral which is in its possession if it takes such reasonable actions for that purpose as the pledgor of such collateral shall request in writing, but the Holder shall have the sole discretion to determine whether such actions are reasonable. Any omission to do any act not requested by the pledgor shall not be deemed a failure to exercise reasonable care. The Obligors shall be responsible for the preservation of the collateral and shall take all steps to preserve rights against prior parties. The Holder shall not be liable for, and no Obligor, Indorser, or guarantor shall be discharged to any extent on account, any failure to realize upon, or to exercise any right or power with respect to, any of the obligations or collateral, or for any delay in so doing.

Sale of the collateral may be made, at any time and from time to time, at any public or private sale, at the option of the Holder, without advertisement or notice to any Obligor, except such notice as is required by law and cannot be waived. The Holder may purchase the collateral at any such sale (unless prohibited by law) free from any equity of redemption and from all other claims. After deducting all expenses including legal expenses and attorney's fees as provided below, for maintaining or selling the collateral and collecting the proceeds of sale, the Holder shall have the right to apply the remainder of said proceeds in payment of, or as a reserve against, any of the obligations, the manner, order and extent of such application to be in the sole discretion of the Holder. To the extent notice of any sale or other disposition of the collateral is required by law to be given to any Obligor and cannot be waived, the requirement of reasonable notice shall be met by sending such notice, as provided below, at least ten (10) calendar days before the time of sale or disposition. The Obligor shall remain liable to the Holder for the Payment of any deficiency with interest at the rate provided hereinabove. However, the Holder shall not be obligated to resort to any collateral but, at its election, may proceed to enforce any of the obligations in default against any or all of the Obligors.

With respect to any and all obligations, to the extent permitted by applicable law, the Obligors and any Indorsers of this note jointly and severally waive the following: (1) all rights of exemption of property from levy or sale under execution or other process for the collection of debts under the constitution and laws of the United States or of any state thereof; (2) demand, presentment, protest, notice of dishonor, suit against any party and all other requirements necessary to charge or hold any Obligor or Indorser liable on any obligation; (3) any further receipt for or acknowledgment of the collateral now or hereafter deposited and any statement of indebtedness; (4) all statutory provisions and requirements for the benefit of any Obligor or Indorser, now or hereafter in force (to the extent that same may be waived). The obligors and indorsers agree that any obligations of any Obligor may, from time to time, in whole or in part, be renewed, extended, modified, accelerated, compromised, discharged or released by the Holder, and any collateral, lien and/or right of set-off securing any obligation may from time to time, in whole or in part, be exchanged, sold, released, or otherwise impaired, all without notice to or further reservations of rights against any Obligor or any other person and all without in any way affecting or discharging the liability of any obligor or indorser. The Obligors jointly and severally agree to pay all filing fees and taxes in connection with this note or the collateral and all costs of collecting or securing or attempting to collect or secure any of the obligations, including a reasonable attorney's fee if this note is referred to an attorney for collection following any default hereunder by the Obligors.

The Holder shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights or remedies, and no waiver of any kind shall be valid, unless in writing and signed by the Holder. All rights and remedies of the Holder under the terms of this


Initials

note and under statutes or rules of law are cumulative and may be exercised successively or concurrently. The Obligors jointly and severally agree that the Holder shall be entitled to all rights of a holder in due course of a negotiable instrument. This note shall be governed by and construed in accordance with the substantive laws of the United States and the state of Florida. Any provision of this note which may be unenforceable or invalid under any law shall be ineffective to the extent of such unenforceability or invalidity without affecting the enforceability or validity of any other provision hereof. Any notice required to be given to any person shall be deemed sufficient if delivered to such person or if mailed, postage prepaid, to such person's address as it appears on this note or, if none appears, to any address of such person in the Holder's files. The Holder shall have the right to correct patent errors on this note. A photocopy of this note may be filed as a financing statement in any public office.

If at any time the rate or amount of interest, late charge, attorney's fee or any other charge payable under this note shall exceed the maximum rate or amount permitted by applicable law, then, for such time as such rate or amount would be excessive, its application shall be suspended and there shall be charged instead the maximum rate or amount permitted under such law, and any excess interest or other charge paid by the Obligors or collected by the Holder shall be refunded to the Obligors or credited, against the principal sum of this note, at the election of the Holder or as required by applicable law. Obligors agree that the late charge provided in this note is a reasonable estimate of probable additional unanticipated internal costs to the Holder of reporting and accounting for the late payment, that such costs are difficult or impossible to estimate accurately, and that the agreement to pay a late charge is a reasonable liquidated damages provision.

**Waiver of Jury Trial.** Obligors and Bank hereby knowingly, irrevocably, voluntarily and intentionally waive any right either may have to a trial by jury in respect to any action, preceding or counter claim based on the Loan Documents or arising out of, under or in connection therewith or this note or any course of conduct, course of dealing, statements (whether verbal or written) or action of any party hereto or in conjunction herewith. This provision is a material inducement for Obligors and Bank entering into this note.

_____
JAMES G. MARQUEZ

_____
MARIELLA MARQUEZ

T:\216\216\216\Maraquez\NOTE - Installment.doc

Initials _____
Initials _____