# EXHIBIT L

Bayou Fund L.L.C., Bayou Management L.L.C. agree to retain H.M.R. L.P. for consultancy and strategic advice on their holdings in KFX Inc.

Bayou Fund has acquired 1 million shares of KFX and 500,000 warrants* for a total purchase consideration of $3.65 million. The shares and warrants will be registered no later than December 1, 2001.

In exchange for providing advice and consultation on this holding, H.M.R. will be paid in the following manner:

- At any time from the date the stock/warrants are acquired by Bayou Fund et al, until the expiration of the warrants 3 years from date of issuance;
- If and when the common stock of KFX Inc. trades at $6.65 or higher, either closing or intraday, Bayou Fund et al agree to convey to H.M.R. 250,000 warrants with continuing terms, rights, privileges as originally agreed to upon issuance by KFX Inc.
- Bayou Fund relinquishes its rights to the ownership of said 250,000 warrants under the conditions stated above.
- If and when the common stock of KFX Inc. trades at $9.95 per share or higher, either closing or intraday, Bayou Fund et al agree to convey to H.M.R. the remaining 250,000 warrants unconditionally.

All rights, obligations, privileges will move in total to successor entities/holders in due course of either Bayou Fund et al or H.M.R. L.P., or both, or other legal owners of said rights, obligations, etc. whom either party may designate.

This agreement is entered into this day of _July 1_ 20001 between Bayou Fund et al and H.M.R. L.P.

_____          _____
James G. Marquez                                           Samuel Israel III
General Partner, H.M.R. L.P.                           General Member

* the warrants are struck at $3.65 per KFX share and are exercisable at any time up to a maximum of 3 years from date of issuance.

# Highly Motivated Research

27 Signal Road Stamford, CT 06902
(T) 203-965-0633 (F) 203-965-0895
E Mail – HMRI@OptOnline.Net

James G. Marquez, CFA

July 6, 2001

Mr. Theodore Venners
Chairman & CEO
KFX Inc.
3300 East 1st Avenue
Suite 390
Denver, CO 80206

Dear Theodore;

Pursuant to our recent discussions this letter shall constitute a memorandum of understanding regarding the private placement of 1,000,000 (One Million) common shares and 500,000 (Five Hundred Thousand) warrants to be issued by KFX Inc. The general terms and conditions regarding this transaction are agreed to as follows:

1. Bayou Fund LLC and other investors agree to purchase 1,000,000 (One Million) common shares of KFX Inc. in a private transaction for $3,650,000.00 (Three Million Six Hundred Fifty Thousand Dollars) dollars. Such funds to be delivered by check to the offices of KFX Inc. no later than the close of business on July 16, 2001.

2. KFX Inc. shall immediately, upon receipt of such funds, issue 1,000,000 (One Million) common shares to the respective investors as instructed by HMR L.P. Similarly, KFX Inc. shall issue 500,000 (Five Hundred Thousand) warrants to the respective investors. Said warrants shall have a term of three years from the date of purchase and be exercisable on a one-for-one basis for a common share of KFX Inc. The exercise price of the warrants shall be $3.65/share.

3. As soon as practicably possible, but no later than December 1, 2001, KFX Inc. shall cause the above mentioned shares and warrants to be registered in a filing with the Securities and Exchange Commission. After such registration the warrants will be freely exercisable for the remainder of their term.

T.V. 4. SUBJECT TO KFX BOARD APPROVAL.

2

Please acknowledge your acceptance of the terms described herein by signing below where indicated.

Very truly yours,

_____
James G. Marquez
General Partner, HMR LP

_____
Theodore Venners
Chairman and CEO, KFX Inc.

_____
Sam Israel III
General Member, Bayou Fund LLC

* Subject to approval by counsel.

| | |
|---|---|
| **H**ighly<br>**M**otivated<br>**R**esearch<br>**James G. Marquez, CFA** | 27 Signal Road Stamford, CT 06902<br>(T) 203-965-0633 (F) 203-965-0895<br>E Mail – HMRI@OptOnline.Net |

July 6, 2001

Mr. Theodore Venners
Chairman & CEO
KFX Inc.
3300 East 1st Avenue
Suite 390
Denver, CO 80206

In return for advisory services KFX Inc. shall pay H.M.R. L.P. the sum of $150,000.00 (One Hundred Fifty Thousand). Such payment shall be made upon receipt of funds, as described in the attached memorandum of understanding, on July 16, 2001. In addition, KFX Inc. shall issue to H.M.R. L.P. or its designees a total of 100,000 (One hundred thousand) warrants having the same term and conditions as described in the memorandum of understanding.

_____
James G. Marquez
General Partner, H.M.R. L.P.


_____
Chairman and CEO, KFX Inc.

4



*Assigned to HMR*

**THIS WARRANT AND THE COMMON STOCK ISSUABLE UPON THE EXERCISE HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR QUALIFIED UNDER ANY APPLICABLE STATE SECURITIES LAWS. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED, HYPOTHECATED OR TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION AND QUALIFICATION WITHOUT AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY STATING THAT SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED.**

250,000 SHARES

## COMMON STOCK PURCHASE WARRANT #BF-1

## OF KFx INC.

### July 16, 2001

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS IS TO CERTIFY that, for value received and subject to the provisions hereinafter set forth, Bayou Fund, LLC, a New York limited liability company with its principal place of business at 40 Signal Road, Stamford, CT 06902 (the "Warrant Holder") (or his assigns), is entitled to purchase from KFx Inc, a Delaware corporation ("Company") 250,000 shares (the "Warrant Shares") of the Company's $.001 par value common stock (the "Common Stock" or "Shares"), for an aggregate purchase price equal to $3.65 multiplied by two hundred fifty thousand (250,000) shares ("Aggregate Original Warrant Price"), all on and subject to the terms, provisions and conditions hereinafter set forth. This Warrant may be exercised as to all or part (comprising a whole number) of the Shares represented hereby at any time or times before July 15, 2004 ("Expiration Date"). This Warrant shall be void and of no effect, and all rights, restrictions, and obligations hereunder shall cease to the extent not exercised prior to the Expiration Date.

### ARTICLE I. EXERCISE OF WARRANT

Section 1.1    *Duration.*  Subject to the provisions of Sections 1.2 and 1.4 hereof, this Warrant may be exercised at any time on or after 9:00 a.m., Denver, Colorado time, on July 16, 2001 and at or before 5:00 p.m., Denver, Colorado time, on July 15, 2004 (or, if such day is not a business day, at or before 5:00 p.m., Denver, Colorado time, on the next following business day). If this Warrant is not exercised on or before the Expiration Date, it shall become void, and all rights hereunder shall thereupon cease.

Section 1.2    *Exercise of Warrant.*  Subject to the conditions contained herein, this Warrant may be exercised in whole or in part at any time or times before the Expiration Date by the surrender of this Warrant or any duly authorized replacements hereto (with a duly executed subscription agreement in the form attached hereto) at the principal office of the Company in Denver, Colorado, and upon payment to the Company of the Aggregate Original Warrant Price (or, if exercised in part, upon payment to the Company of the applicable proportionate part of the Aggregate Original Warrant Price) for each Share so purchased in lawful money of the United States, or by check, or postal or express money order payable in United States dollars to the order of the Company or by funds wired to an account as specified by the Company, and upon compliance with and subject to the conditions set forth herein.

Upon receipt of this Warrant with the form of exercise duly executed and accompanied by payment of the Aggregate Original Warrant Price for the shares of Common Stock for which this Warrant is then being exercised, the Company will cause to be issued certificates for the total number of whole Warrant Shares (as provided in Article V hereof) for which this Warrant is being exercised in such denominations as are required for delivery to the Warrant Holder, and the Company shall thereupon deliver such certificates to the Warrant Holder or his assignee.

In case the Warrant Holder shall exercise this Warrant with respect to less than all of the shares of Common Stock that may be purchased under this Warrant, the Company will execute a new Warrant substantially in the form of this Warrant for the balance of the shares of Common Stock that may be purchased upon exercise of this Warrant and deliver such new Warrant to the Warrant Holder.

## ASSIGNMENT

FOR VALUE RECEIVED _BAYOU FUND LLC_ hereby sells, assigns and transfers unto ~~Jam~~ ~~Murphy Investm~~ the within Warrant and all rights evidenced thereby and does irrevocably constitute and appoint, _JAMES G. MARQUEZ_ as attorney-in-fact, to transfer the said Warrant on the books of the within named Company.

Dated: _7/1/02_

## PARTIAL ASSIGNMENT

FOR VALUE RECEIVED _____ hereby sells, assigns and transfers unto _____ that portion of the within Warrant and the rights evidenced thereby which will on the date hereof entitle the holder to purchase _____ shares of Common Stock of _____, irrevocably constitute and appoint _____, attorney-in-fact, to transfer that part of the said Warrant on the books of the within named Company.

Dated: _____

02/86312.2

7

*Assigned to HMR*

THIS WARRANT AND THE COMMON STOCK ISSUABLE UPON THE EXERCISE HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR QUALIFIED UNDER ANY APPLICABLE STATE SECURITIES LAWS. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED, HYPOTHECATED OR TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION AND QUALIFICATION WITHOUT AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY STATING THAT SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED.

250,000 SHARES

## COMMON STOCK PURCHASE WARRANT #BF-2

### OF KFx INC.

July 16, 2001

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS IS TO CERTIFY that, for value received and subject to the provisions hereinafter set forth, Bayou Fund, LLC, a New York limited liability company with its principal place of business at 40 Signal Road, Stamford, CT 06902 (the "Warrant Holder") (or his assigns), is entitled to purchase from KFx Inc, a Delaware corporation ("Company") 250,000 shares (the "Warrant Shares") of the Company's $.001 par value common stock (the "Common Stock" or "Shares"), for an aggregate purchase price equal to $3.65 multiplied by two hundred fifty thousand (250,000) shares ("Aggregate Original Warrant Price"), all on and subject to the terms, provisions and conditions hereinafter set forth. This Warrant may be exercised as to all or part (comprising a whole number) of the Shares represented hereby at any time or times before July 15, 2004 ("Expiration Date"). This Warrant shall be void and of no effect, and all rights, restrictions, and obligations hereunder shall cease to the extent not exercised prior to the Expiration Date.

### ARTICLE I. EXERCISE OF WARRANT

Section 1.1    *Duration.* Subject to the provisions of Sections 1.2 and 1.4 hereof, this Warrant may be exercised at any time on or after 9:00 a.m., Denver, Colorado time, on July 16, 2001 and at or before 5:00 p.m., Denver, Colorado time, on July 15, 2004 (or, if such day is not a business day, at or before 5:00 p.m., Denver, Colorado time, on the next following business day). If this Warrant is not exercised on or before the Expiration Date, it shall become void, and all rights hereunder shall thereupon cease.

Section 1.2    *Exercise of Warrant.* Subject to the conditions contained herein, this Warrant may be exercised in whole or in part at any time or times before the Expiration Date by the surrender of this Warrant or any duly authorized replacements hereto (with a duly executed subscription agreement in the form attached hereto) at the principal office of the Company in Denver, Colorado, and upon payment to the Company of the Aggregate Original Warrant Price (or, if exercised in part, upon payment to the Company of the applicable proportionate part of the Aggregate Original Warrant Price) for each Share so purchased in lawful money of the United States, or by check, or postal or express money order payable in United States dollars to the order of the Company or by funds wired to an account as specified by the Company, and upon compliance with and subject to the conditions set forth herein.

Upon receipt of this Warrant with the form of exercise duly executed and accompanied by payment of the Aggregate Original Warrant Price for the shares of Common Stock for which this Warrant is then being exercised, the Company will cause to be issued certificates for the total number of whole Warrant Shares (as provided in Article V hereof) for which this Warrant is being exercised in such denominations as are required for delivery to the Warrant Holder, and the Company shall thereupon deliver such certificates to the Warrant Holder or his assignee.

In case the Warrant Holder shall exercise this Warrant with respect to less than all of the shares of Common Stock that may be purchased under this Warrant, the Company will execute a new Warrant substantially in the form of this Warrant for the balance of the shares of Common Stock that may be purchased upon exercise of this Warrant and deliver such new Warrant to the Warrant Holder.



8

## ASSIGNMENT

FOR VALUE RECEIVED ___Bayou Fund LLC___ hereby sells, assigns and transfers unto ___HMK Investing LP___ the within Warrant and all rights evidenced thereby and does irrevocably constitute and appoint, ___James G. Marquez___ as attorney-in-fact, to transfer the said Warrant on the books of the within named Company.

Dated: ___01/02___

## PARTIAL ASSIGNMENT

FOR VALUE RECEIVED _____ hereby sells, assigns and transfers unto _____ that portion of the within Warrant and the rights evidenced thereby which will on the date hereof entitle the holder to purchase _____ shares of Common Stock of _____, irrevocably constitute and appoint _____, attorney-in-fact, to transfer that part of the said Warrant on the books of the within named Company.

Dated: _____

02/86312.2

9

*Exercised in Full—*

30,000   4-27-04 (4-27-04)
30,000   7-8-04
20,000   7-21-04
20,000   7-23-04
100,000

**THIS WARRANT AND THE COMMON STOCK ISSUABLE UPON THE EXERCISE HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR QUALIFIED UNDER ANY APPLICABLE STATE SECURITIES LAWS. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED, HYPOTHECATED OR TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION AND QUALIFICATION WITHOUT AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY STATING THAT SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED.**

100,000 SHARES

## COMMON STOCK PURCHASE WARRANT

### OF KFx INC.

### July 28, 2001

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS IS TO CERTIFY that, for value received and subject to the provisions hereinafter set forth, H.M.R., L.P., a Delaware limited partnership with its principal place of business at 27 Signal Road, Stamford, CT 06902 (the "Warrant Holder") (or his assigns), is entitled to purchase from KFx Inc, a Delaware corporation ("Company") 100,000 shares (the "Warrant Shares") of the Company's $.001 par value common stock (the "Common Stock" or "Shares"), for an aggregate purchase price equal to $3.65 multiplied by one hundred thousand (100,000) shares ("Aggregate Original Warrant Price"), all on and subject to the terms, provisions and conditions hereinafter set forth. This Warrant may be exercised as to all or part (comprising a whole number) of the Shares represented hereby at any time or times before July 27, 2004 ("Expiration Date"). This Warrant shall be void and of no effect, and all rights, restrictions, and obligations hereunder shall cease to the extent not exercised prior to the Expiration Date.

### ARTICLE I. EXERCISE OF WARRANT

Section 1.1   *Duration.* Subject to the provisions of Sections 1.2 and 1.4 hereof, this Warrant may be exercised at any time on or after 9:00 a.m., Denver, Colorado time, on July 28, 2001 and at or before 5:00 p.m., Denver, Colorado time, on July 27, 2004 (or, if such day is not a business day, at or before 5:00 p.m., Denver, Colorado time, on the next following business day). If this Warrant is not exercised on or before the Expiration Date, it shall become void, and all rights hereunder shall thereupon cease.

Section 1.2   *Exercise of Warrant.* Subject to the conditions contained herein, this Warrant may be exercised in whole or in part at any time or times before the Expiration Date by the surrender of this Warrant or any duly authorized replacements hereto (with a duly executed subscription agreement in the form attached hereto) at the principal office of the Company in Denver, Colorado, and upon payment to the Company of the Aggregate Original Warrant Price (or, if exercised in part, upon payment to the Company of the applicable proportionate part of the Aggregate Original Warrant Price) for each Share so purchased in lawful money of the United States, or by check, or postal or express money order payable in United States dollars to the order of the Company or by funds wired to an account as specified by the Company, and upon compliance with and subject to the conditions set forth herein.

Upon receipt of this Warrant with the form of exercise duly executed and accompanied by payment of the Aggregate Original Warrant Price for the shares of Common Stock for which this Warrant is then being exercised, the Company will cause to be issued certificates for the total number of whole Warrant Shares (as provided in Article V hereof) for which this Warrant is being exercised in such denominations as are required for delivery to the Warrant Holder, and the Company shall thereupon deliver such certificates to the Warrant Holder or his assignee.

In case the Warrant Holder shall exercise this Warrant with respect to less than all of the shares of Common Stock that may be purchased under this Warrant, the Company will execute a new Warrant substantially in the form of this Warrant for the balance of the shares of Common Stock that may be purchased upon exercise of this Warrant and deliver such new Warrant to the Warrant Holder.

*10*

| **H**ighly | 27 Signal Road Stamford, CT 06902 |
| **M**otivated | (T) 203-965-0633 (F) 203-965-0895 |
| **R**esearch | E Mail – HMRI@OptOnline.Net |

July 28, 2001

Mr. Theodore Venners
Chairman
KFx Inc.
3300 East First Avenue
Suite 290
Denver, CO 80206

Dear Mr. Venners;

Pursuant to recent discussions held between representatives of KFx Inc. (KFX) and HMR LP (HMR), HMR is pleased to offer consulting and financial advisory services to KFX. The scope of such services may include but is not limited to assessments, evaluation and recommendations focused on the following areas:

- Overall corporate strategy;
- Economic valuation;
- Efficiency studies;
- Process design and operational assessment;
- System development and implementation;
- Resource optimization;
- Outsourcing;
- Market evaluation, competitive positioning and development of penetration strategies;
- Marketing programs;
- Pricing strategies;
- Customer value and loyalty;
- Brand value driven modeling;
- Risk and uncertainty analysis.

This letter, upon its execution, represents acceptance by KFX of HMR in the above described capacity for a period of one year. The payment terms for the HMR's consulting and advisory services are set forth below:

1. Initial Fee of $150,000.00 (One Hundred Fifty Thousand Dollars) due upon execution of this letter.

*11*

2. One Hundred Thousand (100,000) stock purchase warrants exercisable on a one-for-one basis into the common stock of KFx Inc. at an exercise price of $3.65. The stock purchase warrants shall have a term of three years. The common stock underlying the warrants shall be registered by KFx Inc. in a filing with the Securities and Exchange Commission as soon as practicable, but no latter than December 1, 2001.

Please acknowledge your acceptance of the terms described herein by signing below where indicated.

Sincerely,

_____
James G. Marquez, President HMR LP

_____
Theodore Venners, Chairman KFx Inc.


cc: file

**Cornerstone Bank**

550 Summer Street
Stamford, CT 06901
203-356-0111

## ITEM COPY REQUEST



*[Handwritten annotations at top:]*
12/9/03  (50,000)
2/1/05   (20,000)
2/10/05  (30,000)
3/1/05   (5,500)
3/15/05  (14,500)
3/19/05  (20,000)
4/5/05   (10,000)
(250,000) Exercised in Full

THIS WARRANT AND THE COMMON STOCK ISSUABLE UPON THE EXERCISE HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR QUALIFIED UNDER ANY APPLICABLE STATE SECURITIES LAWS. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED, HYPOTHECATED OR TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION AND QUALIFICATION WITHOUT AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY STATING THAT SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED.

250,000 SHARES

*[Handwritten on left margin:]* Bayou Warrants assigned to HMR Investors LP

## COMMON STOCK PURCHASE WARRANT #BF-1A

## OF KFx INC.

June 3, 2002

COPY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS IS TO CERTIFY that, for value received and subject to the provisions hereinafter set forth, HMR Investors, LP, a Delaware limited partnership with its principal place of business at P. O. Box 450, Cos Cob, CT 06807 (the "Warrant Holder") (or his assigns), is entitled to purchase from KFx Inc, a Delaware corporation ("Company") 250,000 shares (the "Warrant Shares") of the Company's $.001 par value common stock (the "Common Stock" or "Shares"), for an aggregate purchase price equal to $3.00 multiplied by two hundred fifty thousand (250,000) shares ("Aggregate Original Warrant Price"), all on and subject to the terms, provisions and conditions hereinafter set forth. This Warrant may be exercised as to all or part (comprising a whole number) of the Shares represented hereby at any time or times before July 15, 2006 ("Expiration Date"). This Warrant shall be void and of no effect, and all rights, restrictions, and obligations hereunder shall cease to the extent not exercised prior to the Expiration Date.

## ARTICLE I. EXERCISE OF WARRANT

Section 1.1    *Duration.*  Subject to the provisions of Sections 1.2 and 1.4 hereof, this Warrant may be exercised at any time on or after 9:00 a.m., Denver, Colorado time, on June 3, 2002 and at or before 5:00 p.m., Denver, Colorado time, on July 15, 2006 (or, if such day is not a business day, at or before 5:00 p.m., Denver, Colorado time, on the next following business day). If this Warrant is not exercised on or before the Expiration Date, it shall become void, and all rights hereunder shall thereupon cease.

Section 1.2    *Exercise of Warrant.*  Subject to the conditions contained herein, this Warrant may be exercised in whole or in part at any time or times before the Expiration Date by the surrender of this Warrant or any duly authorized replacements hereto (with a duly executed subscription agreement in the form attached hereto) at the principal office of the Company in Denver, Colorado, and upon payment to the Company of the Aggregate Original Warrant Price (or, if exercised in part, upon payment to the Company of the applicable proportionate part of the Aggregate Original Warrant Price) for each Share so purchased in lawful money of the United States, or by check, or postal or express money order payable in United States dollars to the order of the Company or by funds wired to an account as specified by the Company, and upon compliance with and subject to the conditions set forth herein.

Upon receipt of this Warrant with the form of exercise duly executed and accompanied by payment of the Aggregate Original Warrant Price for the shares of Common Stock for which this Warrant is then being exercised, the Company will cause to be issued certificates for the total number of whole Warrant Shares (as provided in Article V hereof) for which this Warrant is being exercised in such denominations as are required for delivery to the Warrant Holder, and the Company shall thereupon deliver such certificates to the Warrant Holder or his assignee.

In case the Warrant Holder shall exercise this Warrant with respect to less than all of the shares of Common Stock that may be purchased under this Warrant, the Company will execute a new Warrant substantially in the form of this Warrant for the balance of the shares of Common Stock that may be purchased upon exercise of this Warrant and deliver such new Warrant to the Warrant Holder.

*14*

```
4/5/05    <20,000>    5/13/05   <10,000>
4/19/05   <10,000>    6/6/05    <30,000>    4/24/06 <140,000>
5/6/05    <15,000>              <110,000>
5/9/05    <15,000>              140,000 BAL          -0-     Paul
                                                    Exercised in Full.
```

**THIS WARRANT AND THE COMMON STOCK ISSUABLE UPON THE EXERCISE HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR QUALIFIED UNDER ANY APPLICABLE STATE SECURITIES LAWS. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED, HYPOTHECATED OR TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION AND QUALIFICATION WITHOUT AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY STATING THAT SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED.**

250,000 SHARES

## COMMON STOCK PURCHASE WARRANT #BF-2A

### OF KFx INC.

June 3, 2002

*COPY*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS IS TO CERTIFY that, for value received and subject to the provisions hereinafter set forth, HMR Investors, LP, a Delaware limited partnership with its principal place of business at P. O. Box 450, Cos Cob, CT 06807 (the "Warrant Holder") (or his assigns), is entitled to purchase from KFx Inc, a Delaware corporation ("Company") 250,000 shares (the "Warrant Shares") of the Company's $.001 par value common stock (the "Common Stock" or "Shares"), for an aggregate purchase price equal to $3.00 multiplied by two hundred fifty thousand (250,000) shares ("Aggregate Original Warrant Price"), all on and subject to the terms, provisions and conditions hereinafter set forth. This Warrant may be exercised as to all or part (comprising a whole number) of the Shares represented hereby at any time or times before July 15, 2006 ("Expiration Date"). This Warrant shall be void and of no effect, and all rights, restrictions, and obligations hereunder shall cease to the extent not exercised prior to the Expiration Date.

### ARTICLE I. EXERCISE OF WARRANT

Section 1.1    *Duration.* Subject to the provisions of Sections 1.2 and 1.4 hereof, this Warrant may be exercised at any time on or after 9:00 a.m., Denver, Colorado time, on June 3, 2002 and at or before 5:00 p.m., Denver, Colorado time, on July 15, 2006 (or, if such day is not a business day, at or before 5:00 p.m., Denver, Colorado time, on the next following business day). If this Warrant is not exercised on or before the Expiration Date, it shall become void, and all rights hereunder shall thereupon cease.

Section 1.2    *Exercise of Warrant.* Subject to the conditions contained herein, this Warrant may be exercised in whole or in part at any time or times before the Expiration Date by the surrender of this Warrant or any duly authorized replacements hereto (with a duly executed subscription agreement in the form attached hereto) at the principal office of the Company in Denver, Colorado, and upon payment to the Company of the Aggregate Original Warrant Price (or, if exercised in part, upon payment to the Company of the applicable proportionate part of the Aggregate Original Warrant Price) for each Share so purchased in lawful money of the United States, or by check, or postal or express money order payable in United States dollars to the order of the Company or by funds wired to an account as specified by the Company, and upon compliance with and subject to the conditions set forth herein.

Upon receipt of this Warrant with the form of exercise duly executed and accompanied by payment of the Aggregate Original Warrant Price for the shares of Common Stock for which this Warrant is then being exercised, the Company will cause to be issued certificates for the total number of whole Warrant Shares (as provided in Article V hereof) for which this Warrant is being exercised in such denominations as are required for delivery to the Warrant Holder, and the Company shall thereupon deliver such certificates to the Warrant Holder or his assignee.

In case the Warrant Holder shall exercise this Warrant with respect to less than all of the shares of Common Stock that may be purchased under this Warrant, the Company will execute a new Warrant substantially in the form of this Warrant for the balance of the shares of Common Stock that may be purchased upon exercise of this Warrant and deliver such new Warrant to the Warrant Holder.

/15