# SIMON & PARTNERS LLP

30 ROCKEFELLER PLAZA
FORTY-SECOND FLOOR
NEW YORK, NEW YORK 10112
www.simonlawyers.com

(212) 332-8900

BRADLEY D. SIMON
BRIAN D. WALLER
KENNETH C. MURPHY

TERRENCE J. JOHNSON
MARK ELLIS

FAX: (212) 332-8909

COUNSEL
HARRIET TAMEN
JEREMY M. WEINTRAUB
STEPHENIE L. BROWN

October 24, 2007

**By Fax**

Margery B. Feinzig, Esq.
United States Attorney's Office
300 Quarropas Street, Third Floor
White Plains, New York 10601

      Re:    *United States v. Marquez*; 06-cr-1138

Dear Margery:

      Enclosed for your review are the documents attached as exhibits to the government's October 16, 2007 sentencing papers which purportedly bear the signature of James Marquez, but which signature is not his. Please advise us as soon as possible whether the government agrees that it is not Marquez's signature on the enclosed documents.

      Very truly yours,

      Bradley D. Simon

Enclosures

# BAYOU FUND L.L.C.

*31 Buckout Road*
*West Harrison, New York, 10604*
*(914) 993-3327*

March 20, 1996

Bill Edgar
Sunpoint Securities
3501 N.E. 10th Street
Suite 110
Ocala, Florida 34470

Dear Bill,

As per your request, enclosed is the information regarding the fund and my resume.
It was a pleasure to speak with you. I am looking forward to meeting with you or your associates when I am in Florida.

Sincerely

James G. Marquez

JGM/dm

SENT BY:Xerox Telecopier 7021 ;10-21-70 ;11:32PM ;   BEES OPERATIONS→   914 428 1123;# 1



CITIBANK, N.A.
FACSIMILE/TELEPHONE FUNDS TRANSFER AGREEMENT
PARTNERSHIP (also for LLC)

Business Name: _Bayou Juno LLC_

The Banking Agreement dated _March 18_ 19_96_, which _Bayou Juno LLC_ (Business Name) ("the Partnership,") provided Citibank, N.A. (hereinafter "Citibank" or the "Bank") is hereby amended by adding paragraphs 4a and 4b to read as follows:

"4a   That _Daniel Marin_ and _____ signing (singly or jointly) (is) (are) hereby authorized to act on behalf of the Partnership to provide facsimile or telephone instructions to any representative of the Bank whereby an account of the Partnership is charged to transfer funds from that account to any other account of the Partnership or to electronically wire-transfer funds or cable-transfer funds of the Partnership. (Such instructions are hereinafter referred to as "transfer instructions".) This authorization applies to any account designated by the Partnership in the transfer instructions.

That Citibank has offered the Partnership a security procedure for verification that such transfer instructions have been issued by the Partnership. Pursuant to that security procedure, Citibank shall confirm all transfer instructions for the transfer of funds in an amount of $25,000 or over by telephone call to an authorized representative of the Partnership. That the individuals designated on the attached Special Customer Instructions Agreement are authorized on behalf of the Partnership to confirm that such transfer instructions have been issued by the Partnership.

"4b   The Partnership hereby requests and authorizes the Bank to act upon each transfer instruction sent in its name to the Bank and to debit or credit, as the case may be, the relevant bank accounts of the Partnership. The Bank agrees to act in compliance with the procedures stated in 4a and to execute the transfer instructions to the extent it is possible for the Bank to do so; notwithstanding the foregoing, the Bank shall have the right, in its sole discretion, to refuse to accept any such transfer instruction. The

SENT BY:Xerox Telecopier 7021 ;10-21-70 ;11:32PM ;      BEES OPERATIONS→          914 428 1123;# 2

Partnership agrees to be bound by any such transfer instruction, whether or not authorized, issued in its name and accepted by the Bank in compliance with the Procedures set forth in 4a above. The Partnership further agrees that any such transfer instruction is expressly subject to and governed by the terms and conditions set forth in the Special Customer Instructions Agreement executed by the Partnership and attached hereto.

In consideration of the agreement by the Bank to act upon such transfer instructions, the Partnership agrees to the following:

To indemnify and hold the Bank harmless from and against any and all claims, suits, judgments, executions, liabilities, losses, damages, costs and expenses, including reasonable attorney's fees, in connection with or arising out of the Bank acting upon said transfer instructions pursuant to this Agreement. The Bank shall not be liable for any loss incurred by the Partnership as a result of the Bank's refusal to accept any such transfer instructions or its failure to execute such transfer instructions due to any of the reasons set forth in the Special Customer Instructions Agreement.

The Partnership understands and agrees that the Bank may terminate this Agreement at any time or amend the terms and conditions of the services offered herein upon giving notice to the Partnership.

Except as specifically amended above, all of the provisions of said Banking Agreement, including any prior amendments duly adopted thereto, are hereby ratified, adopted and confirmed.

The representations and agreements set forth herein are hereby declared to be binding upon the Firm, and also upon ourselves, individually and as general partners of the Firm, and upon our respective heirs, legal representatives and assigns.

We, the undersigned, constituting all the General Partners, represent and warrant the above. Witness our signatures this 19 day of March, 1976.

SENT BY:Xerox Telecopier 7021 ;10-21-70 ;11:33PM ;     BEES OPERATIONS→     914 428 1123;# 3

List individuals authorized to give transfer instructions (from paragraph 4a) below.

| NAME | SIGNATURE |
|---|---|
| Daniel Marino | [signature] |
| Samuel Israel III | Sa. Israel III |
| James G. Margulry | Jams J Margn |
| | Sam Israel III |
| | General Partner |
| | Samuel Israel III |
| | General Partner |
| | 3/20/96 |
| | Date |

# COPY

## TRADING AUTHORIZATION - LIMITED

To Purchases and Sales of Securities and Commodities

SPEAR, LEEDS & KELLOGG

Gentlemen:

The undersigned hereby authorizes _San Israel; Janes Marquez_ (whose signature appears below) as the undersigned's agent and attorney-in-fact (herein referred to as "agent") to buy, sell (including short sales), and trade in stocks, bonds, options, (including the sale of uncovered options) and any other securities and/or commodities and/or contracts relating to the same, on margin or otherwise, in accordance with your terms and conditions, for the undersigned's account and risk and in the undersigned's name or number on your books. The undersigned hereby agrees to indemnify and hold you, or any entity clearing transactions through you harmless from and to pay you promptly on demand any and all losses arising therefrom or debit balance thereon.

In all such purchases, sales or trades you, or any entity clearing transactions through you, are authorized to follow the instructions of the agent in every respect concerning the undersigned's account with you, and the agent is authorized to set for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades.

The undersigned hereby ratifies and confirms any and all such transactions with you, or any entity clearing transactions through you heretofore or hereafter made by the agent for or with respect to the undersigned's account.

This authorization and indemnity is in addition to and in no way limits or restricts any rights which you, or any entity clearing through you may have under any other agreement with the undersigned.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your main office, but such revocation shall not affect any liability in any way resulting from transactions initiated prior to your receipt of such revocation. In case of the death of the undersigned, this authorization shall continue and you shall not be responsible for any action taken on the basis of this authorization until you have received written notice of death addressed to you and delivered to your main office. This authorization and indemnity shall be assignable by Spear, Leeds & Kellogg and/or the introducing broker as the case may be and shall inure to the benefit of any successor or assign of Spear, Leeds & Kellogg and/or the introducing broker.

If this authorization makes any officer or employee of your firm, or any entity clearing transactions through you my agent and attorney-in-fact, you as the case may be, are authorized to place all orders on behalf of this account through your firm or any entity clearing transactions through you and to charge the prevailing commission rate for such transactions. The undersigned understands that other brokers may possibly have lower commission rates but neither your firm nor any entity clearing transactions through you is under any obligation to determine if lower rates are available or to execute transactions at the lowest rates available. Similarly, the undersigned understands that in the case of equity securities traded in over-the-counter markets, where you, or any entity clearing transactions through you are a market maker, and in the case of fixed income securities, you or any entity clearing transactions through you may sell to or buy from the undersigned as principal, as is customary, on the same basis as you, or any entity clearing transactions through you deal with other public customers effecting transactions of comparable size.

This agreement and all transactions, whether you, or any entity clearing transactions through you are acting as broker or principal, shall be governed by the laws of the State of New York and subject to the constitution, rules, customs and usage of the exchange or market, including the over-the-counter market, and its clearing house, if any, where the transactions are affected, as well as the rules of the Securities and Exchange Commission.

The undersigned agrees, and by carrying an account for the undersigned you, or any entity clearing transactions through you agree, that all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any agreement between us, whether entered into prior, on, or subsequent to the date hereof, shall be determined by arbitration, to be held before the New York Stock Exchange, Inc. or the American Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. and in accordance with the rules then obtaining. The undersigned may elect in the first instance whether arbitration shall be by the New York Stock Exchange, Inc. or National Association of Securities Dealers, inc. but of the undersigned fails to make such elections, by registered letter or telegram addressed to you at your main office, before the expiration of five days after a receipt of a written request from you, then you, or any entity clearing transactions through you, may make such election. Any arbitration shall be before at least three arbitrators and the award of the arbitrators, or of the majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. It is understood that this agreement to arbitrate does not constitute a waiver of the right to a judicial forum where such waiver would be void under the securities laws and specifically does not prohibit the undersigned from pursuing any claim or claims arising under the federal securities laws in any court of competent jurisdiction.

The undersigned has read the foregoing in its entirety before signing.

Dated ___8/16/99___

Signature of Agent
_____

Agent's Occupation

_____
Name of Employer (if any)

_____
Relationship if any, to the Grantor of the Power

_____
Client's Account Number

c/o Bayou Management LLC
Agent's Address

40 Signal Rd
Stamford CT 06902

Very truly yours,

_____

Witness: _____

Witness (signature must be witnessed by a Partner of Officer of a correspondent Firm or acknowledged before a Notary Public)





March 12, 2003

James Marquez
James G. Marquez Family Trust
213 River Road
Cos Cob, CT 06807

Re:   Investment in Bayou Fund, LLC

Dear Mr. Marquez,

Our auditors, Richmond-Fairfield Associates, 575 Madison Avenue, Suite 1006, New York, NNY 10022-2511, are now engaged in an examination of our financial statements. Please confirm directly to them the following contributions to and/or withdrawals from your capital account during the year 2002.

| | | |
|---|---|---|
| **Contributions** | - 0 - | |
| **Withdrawals** | $ 19,330.00 | 4/4/02 |

Please send your reply as soon as possible in the enclosed envelope.

Sincerely,

Samuel Israel, III

I have examined the above and found it to be correct.

By: _____    72 - 6104310
                                  Social Security or Tax I.D. No.

SI/lw

40 Signal Road, Stamford, CT 06902