

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

November 8, 2007

**BY HAND**
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street - Room 640
New York, NY 10007

> Re: **U.S. v. James G. Marquez**
> **06 Cr. 1138 (CM)**

Dear Judge McMahon:

The Government respectfully submits this letter in connection with the sentencing of James Marquez, scheduled for November 15, 2007.

Marquez's sentencing was scheduled for October 25, 2007. In the defense September 12th memorandum in connection with sentencing, Marquez contended, among other things, that subsequent to his departure from Bayou in 2001, he was not aware that Bayou principals Samuel Israel and Daniel Marino were continuing to perpetrate the fraud. (Def. Memo. at 18-19). In the Government's response, submitted on October 16th, the Government argued that Marquez was aware that the fraud was on-going and, in support of that contention, submitted a letter addressed to Marquez, dated March 12, 2003, advising Marquez that Richmond-Fairfield Associates (the phony accounting firm) was auditing Bayou's financial statements and seeking Marquez's signature confirmation that the investment of his family trust had been withdrawn on April 4, 2002. (Govt. Memo at 48; Govt. Exh. O). The confirmation letter, which appears to contain Marquez's signature, was recovered by law enforcement officers from the offices of Richmond-Fairfield in August 2005, where it had apparently been received by mail.

On October 19th, the defense informed the Court and the Government that it believed that "at least one document (and possibly several) purportedly signed by Mr. Marquez, was apparently a forgery" and that "the forgery was made by or at the

Honorable Colleen McMahon                                                2

behest of one or more of the government's main cooperators and that this fact was never disclosed by the cooperators to the government." (October 19, 2007 letter). In particular, the defense identified the March 2003 confirmation letter. (Govt. Exh. O). In a follow-up letter to the Government, the defense identified three additional documents containing signatures appearing to be Marquez's, that the defense claimed were forgeries: a letter addressed to Sunpoint Securities, a prospective investor (Exh. B at 1); a Citibank "Facsimile/Telephone Funds Transfer Agreement" (Govt. Exh. A at 10-12); and a Spear Leads Kellogg trading authorization form. (Govt. Exh. A at 13-14).

Since then, among other things, the Government met with Daniel Marino, who pled guilty pursuant to a cooperation agreement with the Government, and Samuel Israel, who pled guilty pursuant to a plea agreement. At these meetings, the Government asked them about the documents in question.

With respect to the March 2003 confirmation letter, Marino believes that he signed Marquez's and Israel's names on that letter and that he did so after contacting Marquez and informing him about the letter. With respect to the letter addressed to Sunpoint Securities, both Marino and Israel believe that they did not sign Marquez's name on the letter.

Given that factual disputes exist concerning whether Marquez was aware of the March 2003 confirmation letter and the authenticity of the signature on the Sunpoint Securities letter, the Government does not object to the Court's disregarding these documents in determining Marquez's sentence. The March 2003 confirmation letter was submitted in response to Marquez's claim that he was unaware that Israel and Marino were continuing to defraud the investors concerning the Bayou Funds' success. Whether or not he knew at that time is largely irrelevant, however, because his charge and guilty plea cover the time period ending on October 10, 2001. The letter addressed to Sunpoint Securities was one of several letters and other documents submitted to establish that Marquez personally recruited investors such that he was subject to the abuse of trust enhancement. There is no dispute about his signature on the other letters.

Finally, with regard to the Citibank and Spear Leeds documents, Marino does not specifically recall whether he signed Marquez's name on those documents, but, in connection with his responsibilities at Bayou, he did sign documents in both

Honorable Colleen McMahon                                          3

Marquez's and Israel's name, was authorized to do so, and believes that he could have signed these documents. It is the Government's understanding that the defense is not disputing that Marino was authorized to sign Marquez's name on these kinds of documents.[1]

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney
                                      Southern District of New York

By: _____
     Margery B. Feinzig
     Assistant United States Attorney
     (914) 993-1912


cc: Bradley D. Simon, Esq. (By Fax)

---

[1] It bears noting that, with respect to the KFX documents submitted as Govt. Exh L, Israel and Marino both agree that Marino signed at least one or more of the "Israel" signatures. Their accounts differ, however, with respect to which signatures Marino signed and the extent to which Marino was authorized to sign for Israel.