Heidi J. Sorvino (HS-6111)
Jeff J. Friedman (JF-7661)
Qubilah A. Davis (QD-2209)
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

Counsel for Peter Haje and Peter Haje IRA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
**UNITED STATES OF AMERICA,**                          :
                                                       :
        v                          :  **05 Cr. 1036 (CM)**
                                                       :
**DANIEL E. MARINO,**                                  :
                                                       :
        **Defendant.**              :
-------------------------------------------------------x
                                                       :
**UNITED STATES OF AMERICA,**                          :
                                                       :
        v                          :  **05 Cr. 1039 (CM)**
                                                       :
**SAMUEL ISRAEL III,**                                 :
                                                       :
        **Defendant.**              :
-------------------------------------------------------x
                                                       :
**UNITED STATES OF AMERICA,**                          :
                                                       :
        v                          :  **06 Cr. 1138 (CM)**
                                                       :
**JAMES G. MARQUEZ,**                                  :
                                                       :
        **Defendant.**              :
-------------------------------------------------------x

**PETITION OF PETER HAJE IRA TO MODIFY RESTITUTION ORDER TO INCLUDE PETER HAJE IRA AS A VICTIM OF THE BAYOU FRAUD AND <u>PROVIDE FOR A DISTRIBUTION RESERVE</u>**

Peter Haje IRA ("Haje"), a former investor in Bayou No Leverage Fund, LLC ("Bayou No Leverage"), by and through its undersigned counsel, Katten Muchin Rosenman LLP, hereby petitions the Court to modify any restitution order submitted in connection with the sentencing of Daniel E. Marino, Samuel Israel III, and/or James G. Marquez, the former principals of Bayou Group LLC and related entities (collectively, "Bayou") to provide (i) that Haje be listed as a victim of the Bayou fraud; (ii) for a pro rata distribution reserve, as more fully set forth below; and (iii) delaying the entry of the final restitution order for 90 days after the sentencing of Messrs. Marino, Israel and Marquez. In support of its petition, Haje respectfully represents as follows:

**Background**

1.  Upon information and belief, each of Messrs. Marino, Israel, and Marquez pleaded guilty to criminal violations related to the operation of Bayou, and each is awaiting sentencing by this Court.

2.  Upon information and belief, Mr. Israel is scheduled to be sentenced on January 17, 2008, Mr. Marquez is scheduled to be sentenced on January 22, 2008 and Mr. Marino is scheduled to be sentenced on January 24, 2008.

3.  Upon information and belief, the United States has seized significant assets that would otherwise be assets of the Bayou entities (the "Forfeited Assets"). Such assets have been forfeited to the United States in connection with the criminal proceedings and are to be distributed by the United States to victims of the Bayou fraud.

4.  Upon information and belief, the U.S. Attorney has compiled a list of victims of the Bayou fraud for compensation or restitution from the Forfeited Assets in connection with the sentencing that includes (i) those investors that received no return of their principal investment in the various Bayou funds, including the Bayou No Leverage

fund (collectively, the "Bayou Hedge Funds") and the offshore funds; (ii) those investors that received partial redemption of their principal investment from the Bayou Hedge Funds and the offshore funds; and (iii) those investors that have returned 50% or more of their principal redemption payments in settlement of the avoidance actions commenced against them by the Bayou debtors. The victims' list, however, does not include the investors, including Haje that may be forced to return all or part of their principal redemption payments if the Bayou debtors prevail in pending litigation against Haje in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

5. On or about January 1, 2003, Haje invested $500,000 to acquire an interest in the Bayou No Leverage fund (the "Investment").

6. In or about December, 2004, Haje requested redemption and withdrawal of its participation interests in the Bayou No Leverage fund. On or January 12, 2005, Haje properly and lawfully received the amount of $549,900 to or for its benefit from the Bayou No Leverage fund. On or about June 8, 2005, Haje properly and lawfully received the amount of $60,926 to or for its benefit from the Bayou No Leverage fund.

### The Bankruptcy Cases

7. On or about April 28, 2006, the Court entered an order appointing Jeff J. Marwil ("Marwil") as the sole managing member of Bayou to commence the bankruptcy cases with respect to each of the Bayou entities and to pursue avoidance claims under federal bankruptcy and state laws.

8. On or about May 30, 2006, Marwil caused each of the Bayou debtor entities to file voluntary petitions for relief under title 11 of chapter 11 of the United States Bankruptcy Code (as amended, the "Bankruptcy Code").

### The Adversary Proceeding

9. On or about August 21, 2006, Bayou commenced an adversary proceeding in the Bankruptcy Court pursuant to sections 105, 502, 544, 548, 550, 551 and 1107 of the Bankruptcy Code, New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276-a and 278 and other applicable law to set aside and recover certain purported fraudulent transfers made by Bayou to Haje. Bayou also sought to disallow any claims filed by Haje against Bayou until Haje turned over the amounts that are the subject of Bayou's fraudulent transfer claims.

10. Haje is a victim of the Bayou fraud in that it finds itself spending significant sums on lawyers to defend itself from having to return redemption amounts paid to it and is at risk, should Bayou prevail in the adversary proceeding commenced against Haje in the Bankruptcy Court, of suffering the loss of in excess of $700,000. Although Haje believes that it can demonstrate that the redemption of its Investment was in good faith and without actual or constructive knowledge of Bayou's fraud, Haje recognizes that there is risk associated with any litigation and this is no exception. In the event that Bayou prevails in its litigation against Haje and Haje is required to turn over some or all of its redemption payments in connection with its Investment, Haje requests that the Court reserve a portion of the victim restitution fund to pay Haje on account of its claim against Bayou for the losses it suffered as a result of the fraud perpetrated by Bayou on Haje.

11. The Court has discretion in fashioning an order of restitution. Indeed, the Mandatory Victim Restitution Act ("MVRA") expressly provides that:

> [f]or orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as *the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order.*

(emphasis added) 18 U.S.C. § 3664(a).

12. The Court should exercise its discretion to require the establishment of a sufficient reserve from the Forfeited Assets to reimburse, on an equitable basis, those victims, including Haje, who may be required to return some or all of their redemption proceeds to Bayou. If sufficient amounts are not set aside from the victim restitution fund, no restitution funds would be available for victims like Haje whose ultimate losses cannot be determined at the present time. The establishment of such a reserve is not inconsistent with MVRA. MVRA provides for the reimbursement of losses discovered after the entry of a restitution order. 18 U.S.C. § 3664(d)(5) ("If [after a restitution order is entered] the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order.").

13. In fairness to those victims who have not been able to resolve their claims against Bayou as of the date of the restitution order but whose transfers would be void *ab initio* if Bayou prevails, Haje requests that the Court direct the establishment of a mechanism to reimburse those defendants. The Creditors' Committee and others opposed to establishment of a reserve ignore the potentially deleterious effects of permanent exclusion of victims like Haje from any prospect of recovery from the victims' fund and seek to exploit the fortuity of the timing of the restitution order to their

advantage. The establishment of a reserve is more likely to encourage the adversary proceeding defendants who have not yet settled with Bayou to settle their claims so that they may be entitled to a pro rata share of the victim restitution fund. If no reserve is established, the adversary proceeding defendants will be less likely to settle their respective adversary proceedings resulting in these contingent claimants litigating these claims against the Bayou debtors in the Bankruptcy Court. Moreover, because the recovery from the victims' fund will necessarily be significantly less than any settlement payment made by a defendant, settlements will ultimately create greater value for the constituency represented by the Creditors' Committee than efforts which tend toward a fully litigated proceeding.

14. MVRA provides that the Court has until 90 days after sentencing to determine the victims' losses and issue a restitution order. 18 U.S.C. § 3664(d)(5). At the very least, the Court should direct that the United States refrain from paying out the full amount of the restitution fund for at least 90 days after the sentencing of Messrs. Marino, Israel, and Marquez to allow the victims to better quantify the actual damages sustained as a result of the Bayou fraud.

15. To the extent consistent with the relief requested herein, Haje hereby joins in the motions and petitions of the other victims of the Bayou fraud and other adversary proceeding defendants seeking the establishment of a reserve in connection with the victim restitution fund.

WHEREFORE, Haje respectfully requests entry of an order (i) directing the United States to include Haje on the list containing the names of the victims of the Bayou fraud; (ii) directing that the United States establish a sufficient reserve to reimburse

victims of the Bayou fraud, including Haje, whose losses are established after the sentencing of Messrs Marino, Israel, and Marquez; (iii) delaying entry of the final order of restitution for at least 90 days post sentence; and (iv) granting such other and further relief as is just.

Dated: New York, New York
January 8, 2008

                                            KATTEN MUCHIN ROSENMAN LLP

                                            By: /s/ Heidi J. Sorvino
                                                Heidi J. Sorvino (HS-6111)
                                                Jeff J. Friedman (JF-7661)
                                                Qubilah A. Davis (QD-2209)
                                            575 Madison Avenue
                                            New York, New York 10022-2585
                                            Telephone: (212) 940-8800
                                            Facsimile: (212) 940-8776

                                            Counsel for Peter Haje and Peter Haje IRA

## CERTIFICATE OF SERVICE

    I, Heidi J. Sorvino, an attorney duly admitted to practice before this Court and the courts of the State of New York, hereby certify that on January 8, 2008, I caused true and correct copies of the *PETITION OF PETER HAJE IRA TO MODIFY RESTITUTION ORDER TO INCLUDE PETER HAJE IRA AS A VICTIM OF THE BAYOU FRAUD AND PROVIDE FOR A DISTRIBUTION RESERVE* to be served by Federal Express overnight mail, upon the parties listed on Exhibit "A" attached hereto.

Dated: January 8, 2008                    /s/ Heidi J. Sorvino
                                                                                     Heidi J. Sorvino (HS-6111)

**EXHIBIT A**

Bradley Drew Simons, Esq.  
Simon & Partners LLP  
30 Rockefeller Plaza – 42nd Floor  
New York, New York 10112  
Counsel for Defendant James G. Marquez

Doreen Klein, Esq.  
Day Pitney, L.L.P.  
One Canterbury Green  
Stamford, CT 06901  
Counsel for Defendant James G. Marquez

Stanley A. Twardy, Esq.  
Day Berry & Howard LLP  
One Canterbury Green  
Stamford, CT 06901  
Counsel for Defendant James G. Marquez

Andrew Bruce Bowman, Esq.  
Law Offices of Andrew B. Bowman  
1804 Post Road East  
Westport, CT 06880  
Counsel for Defendant Daniel E. Marino

Lawrence S. Bader, Esq.  
Morvillo, Abramowitz, Grand, Iason, Anello  
  & Bohrer, P.C.  
565 Fifth Avenue  
New York, New York 10017  
Counsel for Defendant Samuel Israel III

Michael J. Garcia, Esq.  
U.S. Attorney for the Southern District of  
  of New York  
One St. Andrew's Plaza  
New York, New York 10007

Margery B. Feinzig, Esq.  
Assistant U.S. Attorney for the Southern District  
  of New York  
300 Quarropas Street  
White Plains, New York 10601

Sharon Levin, Esq.  
Office of the United States Attorney, S.D.N.Y.  
One St. Andrew's Plaza  
New York, New York 10007

Joseph R. Guccione  
U.S. Marshal for the Southern District of  
  New York  
500 Pearl Street, Suite 400  
New York, New York 10007

Gary J. Mennitt, Esq.  
Dechert LLP  
30 Rockefeller Plaza  
New York, New York 10112

NYC01_84263477_3