
SONNENSCHEIN NATH & ROSENTHAL LLP

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

**Carole Neville**
212 768-6689
cneville@sonnenschein.com@sonnenschein.com

January 28, 2008

<u>VIA HAND DELIVERY</u>
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

    Re:    U.S. v. James G. Marquez  06 Cr. 1138
           U.S. v. Daniel E. Marino   05 Cr. 1036
           U.S. v. Samuel Israel III    05 Cr 1039

Dear Judge McMahon:

      I write on behalf of 24 investor defendants (the "Sonnenschein Investors") in response to the letter dated January 25, 2008 from the United States Attorney proposing substantial modifications to the Court's directive at the sentencing of James Marquez on January 22, 2008 and a letter dated January 28, 2008 from the Official Committee of Unsecured Creditors in Bayou bankruptcy cases supporting those changes. We respectfully urge the Court not to reconsider its directive.

      At the Marquez sentencing, this Court devised a mechanism to ensure that all victims of the Bayou fund fraud would have equal access on a *pro rata* basis to a Bayou Victims Restitution Fund. The Court directed the Government to create two lists--one for the thirty-five defendants in the adversary proceedings remaining to be resolved and one for the investors who either lost money or settled the claims against them. The Court further directed that the escrow would be held until the adversary proceedings are judicially determined or settled, and if appeals were pursued in any of the adversary proceeding, then a separate reserve would be held for those appealing defendants. The United States Attorney's proposal departs from this directive in a number of important respects.

      The Government proposes that a restitution order be entered listing as victims only those who have sustained economic loss at the date of the loss or the date of the sentencing. It is unclear whether the Government is including on that proposed list those investors who have

**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

January 28, 2008
Page 2

already settled with the representative of the Bayou estates.[1] The remainder of the investors would have to petition the Court to amend the restitution order. In order to qualify for an amended restitution order, the Government cautions, these victims would have to establish that such future losses are "actual losses directly and proximately caused by the offenses of conviction." As a result, the Government puts the burden (a higher burden) on the investors who settle with the Bayou representative (there is no trustee) or who are forced to turnover their redemption payment because of the provisions in the Bankruptcy Code from the date of the order in order to qualify for a distribution.

The Court's directive also allowed for a period before distribution from the Victims Restitution Fund to assess recoveries for non redeeming investors in bankruptcy cases to prevent double recovery or double dipping. The Mandatory Victim's Restitution Act of 1996 (the "MVRA") contemplates such an adjustment in situations where, as here, there are parallel proceedings to address the losses as it provides in 18 U.S.C. § 3664(j)(2)(a):

> (2) Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--
> (A) any Federal civil proceeding;

The Government proposal for an immediate distribution does not allow for this coordination between the bankruptcy recoveries and the restitution fund distribution.

Finally, the cases cited by the Government do not address the situation of the Bayou cases where the investors are known, the dollar amounts at stake are also known, and there are parallel proceedings to address investor losses. Both *United States v, Catoggio*, 326 F.3d 323 (2d Cir. 2003) and *United States v. Boccagne*, 450 F.3d 107 (2d Cir. 2006) are cases in which the criminal defendant was challenging amount required by the restitution order. Valuation with respect to property in *Boccagne* and losses of unidentified victims in *Catoggio* were at issue because the defendant sought to have restitution reduced. The situation in these cases is radically different.

---

[1] These settlements created a fund in the bankruptcy estates for distribution to non redeeming investors. There are thirty five remaining adversary proceedings in which the Bayou representatives are seeking to recover approximately $90 million.



January 28, 2008
Page 3

      For the reasons set forth above and in our prior submissions to the Court, we respectfully request that the Court reject the modifications suggested by the Government and the Committee and implement the directive announced at the Marquez sentencing.

Sincerely,

Carole Neville

cc: (via facsimile on the parties listed below)

| | |
|---|---|
| Gary J. Mennitt<br>H. Jeffrey Schwartz<br>Elise Scherr Frejka | Dechert LLP |
| Tracy L. Klestadt | Klestadt & Winters, LLP |
| Philip M. Guess<br>Richard A. Kirby | K & L Gates |
| Joseph A. Gershman<br>Robert M. Novick | Kasowitz, Benson, Torres & Friedman, LLP |
| Richard B. Feldman | Rosenberg Feldman Smith, LLP |
| Michael L. Cook<br>Marcy R. Harris | Schulte Roth & Zabel LLP |
| Charles A. Gilman | Cahill Gordon & Reindel LLP |
| Gregory P. Schwed | Loeb & Loeb LLP |
| Joseph W. Allen | Jaeckle Fleischmann & Mugel, LLP |
| Andrew Bruce Bowman | Law Offices of Andrew B. Bowman |
| Lawrence S. Bader | Morvillo, Abramowitz, Grand, Jason, Anello & Bohrer P.C. |
| Bradley Drew Simon | Simon & Partners LLP |
| Stanley A. Twardy<br>Doreen Klein | Day Berry & Howard LLP |
| Stuart Evan Kahan | Oxman Tulis Kirkpatrick Whyatt & Geiger LLP |
| Heidi J. Sorvino<br>Jeff J. Friedman<br>Qubilah A. Davis | Katten Muchin Rosenman LLP |
| M. William Munno | Seward & Kissel LLP |



January 28, 2008
Page 4

cc: (continued)

| | |
|---|---|
| John McFerrin-Clancy<br>Bruce S. Nathan | Lowenstein Sandler, PC |
| Paul D. Sinclair<br>Andrew J. Nazar | Shughart, Thomson & Kilroy PC |
| Merrill G. Davidoff | Berger & Montague, P.C. |
| Margery B. Feinzig | Chief AUSA – White Plains Division |